UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LEE BROWN,<br>   Plaintiff,<br>  vs.<br>JIMENEZ, et al.,<br>   Defendants.<br>_____ | Case No. ED CV 13-890 R (MRW)<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE |

  The Court vacates the reference of this action to the Magistrate Judge and dismisses the action for Petitioner's failure to prosecute the action.

* * *

  This is a civil rights action brought by a prisoner in San Bernardino County. Plaintiff alleges that, after appearing for a hearing in the Rancho Cucamonga Superior Court, he was improperly placed in a cell with a high security inmate. The inmate assaulted Plaintiff in the cell, and sheriff's deputies shot Plaintiff with a taser when they responded to the incident.

Magistrate Judge Wilner declined to order service of the complaint due to numerous pleading deficiencies. (Docket # 5.) The Court set a deadline to allow Plaintiff to amend his complaint, but Plaintiff failed to do so. The Court then issued an order to show cause. (Docket # 6.) The Court mailed the order to Plaintiff's last known address – a jail in San Bernardino – but the jail indicated that Plaintiff is no longer in custody. (Docket # 8.) Plaintiff failed to respond to the Court's OSC deadline. He also failed to update his mailing address with the Court.

* * *

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986).

In the present action, the Court finds dismissal is appropriate. Plaintiff failed to comply with the Court's clear and direct instructions on several occasions. Plaintiff did not amend his complaint or respond to the order to show cause by the deadlines that the Court set. As a result, the Court concludes that Petitioner does not wish to advance his case here. By contrast, the Court, the government, and the public have a strong interest in terminating this action. The Court finds that

dismissal is appropriate under Rule 41(b).  Furthermore, because Plaintiff is a pro se litigant who has not responded to the Court's most recent notice about the status of the case, no sanction short of dismissal will be effective in moving this case forward.  Carey, 856 F.2d at 1440.

Additionally, Plaintiff has not provided the Court with up-to-date contact information.  Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Plaintiff failed to update his contact information with the Court.  As a result, the Court and opposing parties have no reliable way of communicating with him.  Thus, Plaintiff's action is subject to dismissal for violating this Local Rule.

Accordingly, for the above reasons, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: August 30, 2013

_____
HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE